[Crim. No. 1864. Second Appellate District, Division One.—December 5, 1929.]

THE PEOPLE, Respondent, v. RALPH WEST, Appellant.

E. L. Johnson for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was charged by an information filed by the district attorney of San Diego County with the crimes of grand theft and forgery, and also with having suffered a prior conviction in the state of Ohio. Appellant admitted the prior conviction and after trial by jury was found guilty of the crimes of forgery and grand theft, as charged in the information. From the judgment and order denying his motion for a new trial this appeal is taken by the appellant.

There was sufficient evidence to justify the jury in bringing in its verdict, but the sole questions are whether

the court erred in denying defendant's application for a continuance, and whether certain errors were committed by reason of the fact that the defendant appeared as his own counsel at the time of his trial. When a continuance was asked the first time, his then attorney withdrew from the case, stating that he had been dismissed. The court thereupon appointed another attorney as appellant's counsel and continued the case to the next day. On the next day the attorney so appointed withdrew, saying that the defendant desired him to do so. Appellant then stated that he wished to employ another attorney, Mr. Ludwig, and also stated that Mr. Ludwig would consent to defend him in the matter, but that a continuance was necessary in order that he might familiarize himself with the case. The court denied the application for continuance, and the trial proceeded forthwith, the defendant acting as his own attorney.

Upon an examination of the entire case we cannot say that the defendant suffered any prejudicial injury by reason of any ruling of the trial court. No objections were made having relation to certain points that appellant is attempting to raise at this time through his attorney who is now appearing for him, and we cannot pass upon the objections made herein by reason of the fact that the record is not in such condition, because of appellant's failure to object at the time of the hearing, that such matters can now be considered by this court.

The judgment and order are affirmed.

Conrey, P. J., and Houser, J., concurred.